UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JONATHAN RIDGARD,

                Plaintiff,

        - against -

NYC BICYCLE SHARE, LLC, STAMATINA
ARNIOTIS, and VANESSA PEAN,

                Defendants.
-----------------------------------------------------------------X

Case No. 14-cv-04172-RRM-LB

**ANSWER ON BEHALF OF
DEFENDANT VANESSA PEAN**

Defendant VANESSA PEAN ("Defendant" or "Ms. Pean"), by and through her attorneys, KAUFMAN BORGEEST & RYAN LLP, hereby responds to the Amended Complaint filed by Plaintiff Jonathan Ridgard ("Plaintiff") as follows:

## NATURE OF ACTION

The Nature of Action Paragraph of Plaintiff's Amended Complaint contains a characterization of the purported basis for Plaintiff's claims against Defendant, to which no response is required. To the extent a response is required, Defendant denies each and every allegation contained in the Nature of Action Paragraph of Plaintiff's Amended Complaint, except admits that Plaintiff purports to bring this action pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII").

## JURISDICTION

The Jurisdiction Paragraph of the Amended Complaint calls for a legal conclusion to which no response is required. Defendant respectfully refers all questions of law to the Court.

## PARTIES

1. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 1 of Plaintiff's Amended Complaint.

2. Defendant denies each and every allegation contained in Paragraph 2 of Plaintiff's Amended Complaint, except admits that Defendant NYC Bicycle Share, LLC

2738379

("NYCBS") maintains a place of business located at 5202 3rd Avenue, Brooklyn, New York 11220.

3. Defendant denies each and every allegation contained in Paragraph 3 of Plaintiff's Amended Complaint, except admits that Plaintiff was employed with Defendant NYCBS at 5202 3rd Avenue, Brooklyn, New York 11220.

4. Paragraph 4 of Plaintiff's Amended Complaint contains a characterization of the purported basis for Plaintiff's claims against Defendant, to which no response is required. To the extent a response is required, Defendant denies each and every allegation, including sub-paragraphs (a) – (d), contained in Paragraph 4 of Plaintiff's Amended Complaint.

5. Defendant denies each and every allegation, including sub-paragraph (a), contained in Paragraph 5 of Plaintiff's Amended Complaint.

6. Defendant denies each and every allegation, including sub-paragraph (a), contained in Paragraph 6 of Plaintiff's Amended Complaint.

7. Defendant denies each and every allegation, including sub-paragraphs (a) – (c), contained in Paragraph 7 of Plaintiff's Amended Complaint.

8. Paragraph 8 of Plaintiff's Amended Complaint does not contain any factual allegations, and therefore, no response is required. To the extent a response is required, Defendant denies each and every allegation contained in Paragraph 8 of Plaintiff's Amended Complaint.

9. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 9 of Plaintiff's Amended Complaint.

10. Defendant denies knowledge or information sufficient to form a belief as to the allegations, including sub-Paragraph (a), contained in Paragraph 10 of Plaintiff's Amended Complaint.

2738379

**WHEREFORE PARAGRAPH**

Defendant is not required to respond to the Wherefore Paragraph in Plaintiff's Amended Complaint as that paragraph is merely a characterization of the relief he seeks. To the extent that a response is required, Defendant denies that Plaintiff is entitled to the relief he seeks.

**FACTUAL ALLEGATIONS[1]**

1. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 1 of the Factual Allegations in Plaintiff's Amended Complaint.[2]

2. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 2 of the Factual Allegations in Plaintiff's Amended Complaint.

3. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 3 of the Factual Allegations in Plaintiff's Amended Complaint.

4. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 4 of the Factual Allegations in Plaintiff's Amended Complaint.

5. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 5 of the Factual Allegations in Plaintiff's Amended Complaint.

---

[1] Plaintiff's specific Factual Allegations commence on page 5 of Plaintiff's Amended Complaint under the heading "Facts of My Case."
[2] Following Plaintiff's Wherefore Paragraphs, the paragraphs in Plaintiff's Amended Complaint do not continue in numerical order. Rather, the paragraphs containing the Factual Allegations begin with a second Paragraph No. "1." Defendant's responses correspond to the numbered paragraphs in Plaintiff's Amended Complaint.

2738379

6. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 6 of the Factual Allegations in Plaintiff's Amended Complaint.

7. Defendant denies each and every allegation contained in Paragraph 7 of the Factual Allegations in Plaintiff's Amended Complaint, identified therein as "May 5th."[3]

8. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 8 of the Factual Allegations in Plaintiff's Amended Complaint, identified therein as "May 10th."

9. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 9 of the Factual Allegations in Plaintiff's Amended Complaint, identified therein as "May 13th."

10. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 10 of the Factual Allegations in Plaintiff's Amended Complaint, identified therein as "June 3rd."

11. Defendant denies each and every allegation contained in Paragraph 11 of the Factual Allegations in Plaintiff's Amended Complaint, identified therein as "June 10th."

12. Defendant denies knowledge or information sufficient to form a belief as to the allegations, including sub-paragraphs (A) – (C), contained in Paragraph 12 of the Factual Allegations in Plaintiff's Amended Complaint, identified therein as "June 20th."

13. Defendant denies each and every allegation contained in Paragraph 13 of the Factual Allegations in Plaintiff's Amended Complaint, identified therein as "June 26th."

---

[3] Following Paragraph 6 of the Factual Allegations, Plaintiff ceased numbering the paragraphs containing his factual allegations in his Amended Complaint, and instead, continues with a chronological presentation of the factual allegations. The factual allegations are separated by paragraphs identified by the dates of the alleged fact(s). Defendant's responses to Plaintiff's allegations continue numerically.

2738379

14. Defendant denies each and every allegation, including sub-Paragraphs (A) – (D), contained in Paragraph 14 of the Factual Allegations in Plaintiff's Amended Complaint, identified therein as "July 19th."

15. Defendant denies each and every allegation contained in Paragraph 15 of the Factual Allegations in Plaintiff's Amended Complaint, identified therein as "July 23rd."

16. Defendant denies each and every allegation contained in Paragraph 16 of the Factual Allegations in Plaintiff's Amended Complaint, identified therein as "July 24th."

17. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 17 of the Factual Allegations in Plaintiff's Amended Complaint, identified therein as "July 25th."

18. Defendant denies receiving complaints about racially motivated jokes allegedly made by Rafael Vasquez. Defendant knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 18 of the Factual Allegations in Plaintiff's Amended Complaint, identified therein as "August 7th."

19. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 19 of the Factual Allegations in Plaintiff's Amended Complaint, identified therein as "August 12th."

20. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 20 of the Factual Allegations in Plaintiff's Amended Complaint, identified therein as August 20th."

21. Defendant denies knowledge or information sufficient to form a belief as to the allegations, including sub-paragraphs (A) – (B), contained in Paragraph 21 of the Factual Allegations in Plaintiff's Amended Complaint, identified therein as "September 20th."[4]

---

[4] Plaintiff includes three separate paragraphs under the heading "September 20th" on pages 10 – 11 of the Amended Complaint. Defendant's response to these allegations is identified herein as "Paragraph 21."

2738379

22. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 22 of the Factual Allegations in Plaintiff's Amended Complaint, identified therein as the second "September 20th" allegation.[5]

23. Defendant denies each and every allegation contained in Paragraph 23 of the Factual Allegations in Plaintiff's Amended Complaint, identified therein as "October 21st."

24. Defendant denies each and every allegation contained in Paragraph 24 of the Factual Allegations in Plaintiff's Amended Complaint, identified therein as "October 30th."[6]

25. Defendant denies each and every allegation contained in Paragraph 25 of the Factual Allegations in Plaintiff's Amended Complaint.

26. Defendant denies each and every allegation contained in Paragraph 26 of the Factual Allegations in Plaintiff's Amended Complaint, identified therein as "April to present."

27. Defendant denies each and every allegation contained in Paragraph 27 of the Factual Allegations in Plaintiff's Amended Complaint, identified therein as "August 12, 2014."

28. Defendant denies Plaintiff's characterizations of Exhibits (A) – (G) to Plaintiff's Amended Complaint, and respectfully refers the Court to those exhibits for the best evidence of their contents.

29. Defendant denies all other allegations in the Amended Complaint that are not specifically admitted or otherwise responded to in this Answer.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

30. Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted or for which relief or recovery sought can be awarded.

---

[5] The Amended Complaint includes a paragraph under a second "September 20th" heading. Defendant's response to these allegations is contained herein as "Paragraph 22."

[6] Plaintiff includes four separate paragraphs under the heading "October 30th" on pages 11 – 12 of the Amended Complaint. Defendant's response to these four paragraphs is contained herein as "Paragraph 24."

2738379

## SECOND AFFIRMATIVE DEFENSE

31. Defendant has fully complied, and will continue to comply, with all applicable Federal, State, and City laws against retaliation, discrimination and harassment.

## THIRD AFFIRMATIVE DEFENSE

32. Plaintiff cannot establish a *prima facie* case of race, gender, or national origin discrimination because Defendant did not have knowledge of Plaintiff's national origin, Plaintiff did not suffer an adverse action, and/or any alleged adverse action did not occur under circumstances giving rise to an inference of discrimination.

## FOURTH AFFIRMATIVE DEFENSE

33. Plaintiff cannot establish a *prima facie* case of retaliation because he did not engage in protected activity under federal, state, or local anti-discrimination statutes, and there is no causal connection between any alleged protected activity and any alleged adverse employment action.

## FIFTH AFFIRMATIVE DEFENSE

34. Plaintiff cannot demonstrate that he applied and was qualified for a position; was rejected for a position, and that the position was filled by an individual outside of his protected category.

## SIXTH AFFIRMATIVE DEFENSE

35. Defendant had a legitimate, non-discriminatory and non-retaliatory, business reason for its employment decisions concerning Plaintiff's employment.

## SEVENTH AFFIRMATIVE DEFENSE

36. Plaintiff cannot show that his alleged protected activity was the "but for" reason for Defendant's decisions concerning Plaintiff's employment.

## EIGHTH AFFIRMATIVE DEFENSE

37. Plaintiff cannot demonstrate that Defendant's business reason(s) for its employment decisions were a pretext for discrimination and/or retaliation.

2738379

### NINTH AFFIRMATIVE DEFENSE

38. Plaintiff was not subjected to unequal terms and/or conditions of his employment based on race, gender and/or national origin.

### TENTH AFFIRMATIVE DEFENSE

39. Defendant did not encourage, condone or approve any alleged discriminatory or retaliatory acts, and acted reasonably under the circumstances.

### ELEVENTH AFFIRMATIVE DEFENSE

40. Defendant maintained an avenue for complaint, and Plaintiff unreasonably failed to take advantage of Defendant's complaint procedure.

### TWELFTH AFFIRMATIVE DEFENSE

41. Plaintiff has suffered no economic loss and/or failed to mitigate his alleged damages, entitlement to which is specifically denied.

### THIRTEENTH AFFIRMATIVE DEFENSE

42. Plaintiff has not suffered any legally cognizable damages. Any alleged damages were a result of Plaintiff's own conduct.

### FOURTEENTH AFFIRMATIVE DEFENSE

43. Plaintiff is not entitled to punitive damages for the acts alleged because Defendant acted, at all relevant times, in good faith and consistent with its policies and practices against unlawful discrimination and retaliation. Defendant's conduct was not egregious, willful, wanton, or in reckless disregard of Plaintiff's rights.

### FIFTEENTH AFFIRMATIVE DEFENSE

44. Plaintiff's claims for punitive damages is unwarranted and unconstitutional and in violation of due process based on the allegations in Plaintiff's Amended Complaint, as the acts or omissions allegedly made by Defendant do not rise to the level of conduct for which exemplary damages are justified.

### SIXTEENTH AFFIRMATIVE DEFENSE

45. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations, doctrines of waiver, estoppel, unclean hands, and/or laches.

## SEVENTEENTH AFFIRMATIVE DEFENSE

46. There is no individual liability under Title VII of the Civil Rights Act of 1964.

## EIGHTEENTH AFFIRMATIVE DEFENSE

47. Defendant is not an "employer" under New York Law.

## NINTEENTH AFFIRMATIVE DEFENSE

48. Defendant did not aid and/or abet any alleged discriminatory conduct.

## TWENTIETH AFFIRMATIVE DEFENSE

49. Defendant reserves the right to bring any additional affirmative defenses that become known during the litigation of this matter.

**WHEREFORE**, Defendant Pean requests that Plaintiff's Amended Complaint be dismissed with prejudice and that the Court award Defendant Pean attorneys' fees and costs, together with such other and further relief as this Court shall deem just and reasonable.

Dated: New York, New York
October 15, 2014

Respectfully submitted,

KAUFMAN BORGEEST & RYAN LLP

By: _____
Laura B. Juffa
Matthew C. Berger
Attorneys for Defendants
120 Broadway, 14th Floor
New York, New York 10271
Telephone: (212) 980-9600
Facsimile: (212) 980-9291
E-mail: ljuffa@kbrlaw.com
E-mail: mberger@kbrlaw.com

To: Jonathan Ridgard
*Pro Se Plaintiff*
557 Miller Avenue
Brooklyn, New York 11207
Telephone: (347) 262-9499

2738379

(*via ECF, e-mail, and U.S. Mail*)

2738379